Zurich Am. Ins. Co. v Tower Natl. Ins. Co. (2018 NY Slip Op 01401)





Zurich Am. Ins. Co. v Tower Natl. Ins. Co.


2018 NY Slip Op 01401


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Friedman, J.P., Richter, Gische, Gesmer, JJ.


3805 110805/09

[*1]Zurich American Ins. Company, et al., Plaintiffs-Appellants,
v
Tower National Insurance Company, Defendant, Port Richmond Glass & Storefronts Inc., etc., Defendant-Respondent.


White Fleischner & Fino, LLP, New York (Alexandra E. Rigney of counsel), for appellants.
Marshall, Conway & Bradley P.C., New York (Lauren R. Turkel of counsel), for respondent.



Order, Supreme Court, New York County (Paul Wooten, J.), entered March 9, 2016, which granted defendant Port Richmond Glass & Storefronts, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff General American Investors Company, Inc. (GA) is a lessee at a building owned by nonparty SLG 100 Park LLC (SLG). GA retained plaintiff Aragon, LLC (Aragon) as the general contractor for a construction project to be performed at GA's premises. Aragon, in turn, subcontracted with defendant Port Richmond Glass & Storefronts, Inc. (Port Richmond) to install glass doors and partitions for the project. On December 14, 2007, Don Brown, an employee of Port Richmond, was injured when several sheets of glass fell upon him, knocking him to the ground.
Brown commenced an action against Aragon and SLG for common- law negligence and violations of the Labor Law (the underlying action); third-party actions were brought naming GA and Port Richmond. The case proceeded to trial, where the jury returned a verdict against Aragon, found Brown 50% at fault, and assessed damages of approximately $1,000,000. The trial court subsequently set aside the verdict as to Aragon's liability, and Brown appealed. The case was ultimately settled during a preargument conference in this Court for the sum of $465,000 payable by Aragon and its insurer, plaintiff Zurich American Insurance Company.
Plaintiffs commenced this action against Port Richmond and its insurer alleging, as relevant here, that Port Richmond breached its contractual obligation to indemnify and procure insurance for Aragon and GA. Plaintiffs seek reimbursement for the settlement amount, as well as attorneys fees paid during the underlying action. The motion court dismissed the complaint as against Port Richmond and this appeal ensued. We now reverse.
It is well settled that "where an indemnitor does not receive notice of an action settled by the indemnitee, in order to recover reimbursement [for the settlement], [the indemnitee] must establish that [it] would have been liable and that there was no good defense to the liability" (Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 74 AD3d 32, 39 [1st Dept 2010] [internal quotation marks omitted]; see Feuer v Menkes Feuer, Inc., 8 AD2d 294, 299 [1st Dept 1959]). Conversely, "[w]here the indemnitor does receive notice of the claim against the indemnitee, . . . the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make" (Deutsche Bank at 39 [internal quotation marks omitted]). As to notice, " [i]t is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim and that the action is pending with full opportunity to defend or to participate in the defense'" (id. at 42, quoting Oceanic Steam Nav. Co. [Ltd.] v Campania Transatlantica Espanola, 144 NY 663, 665 [1895]).
Applying these principles, we find that the motion court improperly dismissed the indemnification claim. The subcontract plainly requires indemnification for claims arising out of Port Richmond's work on the construction project. On appeal, Port Richmond does not argue that Brown's injuries did not arise from its work. Instead, Port Richmond contends that because the underlying action was dismissed against Aragon, plaintiffs cannot establish Aragon's liability for those injuries. However, where notice is given, the indemnitee need not establish its own liability for the underlying claim (see Deutsche Bank, 74 AD3d at 34). There is no dispute that Port Richmond had notice of the underlying action as well as the settlement negotiations in this Court. Although Port Richmond contends that it was asked to leave the room prior to the time the settlement was reached, that allegation was made in a reply affirmation below and cannot properly be considered. In any event, even if true, it would not entitle Port Richmond to judgment as a matter of law. Nor has Port Richmond shown as a matter of law that the settlement was unreasonable or not made in good faith.
The court should not have dismissed the insurance procurement claim. Port Richmond contends that it was not required to procure insurance for GA because GA was not the owner of the building. Although GA is not named as the owner in the subcontract, the prime contract, which is referenced in the subcontract, lists GA as "Owner." With respect to Aragon, Port Richmond maintains that the requisite coverage was obtained. However, Aragon contends that the insurer never assumed Aragon's defense, has not paid any of Aragon's defense costs and has refused to pay any amount toward the settlement. It is unclear from the record whether or not the insurer has actually disclaimed coverage and, if so, on what basis. Thus, issues of fact exist as to whether the insurance coverage purportedly procured by Port Richmond satisfied its contractual obligation (see Harasim v Eljin Constr. of N.Y., Inc., 106 AD3d 642, 644 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK